DAVID Z. BRAUNSTEIN et al., Plaintiffs, v JASON TARAN-
TELLA, INC., et al., Respondents, and TROMA, INCORPO-
RATED, et al., Appellants.

Second Department, June 7, 1982

APPEARANCES OF COUNSEL

*Milton S. Zeiberg* for appellants.

*Yannelli & Zevin* (*Marvin Zevin* and *Burton C. Agata* of counsel), for respondents.

OPINION OF THE COURT

NIEHOFF, J.

This case involves controversies which result from the production and distribution of a movie film entitled "Fulfilling Young Cups".

The plaintiffs, David Z. Braunstein and Shirley Braunstein (the Braunsteins), allegedly loaned $45,829.48 to defendants Jason Tarantella, Inc. (Tarantella) and their son Jay Braunstein (Braunstein), presumably to enable

them to produce the film. Tarantella and Braunstein, in turn, entered into an agreement with Troma, Incorporated (Troma), Michael Herz (Herz) and Lloyd Kaufman (Kaufman) for the distribution of the film.

On oral argument counsel for the producers and distributors acknowledged that the film was produced in New York State and the record discloses that Tarantella and Braunstein, the producers of the film, were arrested in Nassau County and charged with obscenity in connection with the showing of the film at the Fine Arts Theatre in Hempstead. The individual producer, Braunstein, pleaded guilty to attempted obscenity in the second degree, a misdemeanor (Penal Law, §§ 235.05, 110.00), and was sentenced to a conditional discharge. The corporate producer, Tarantella, pleaded guilty to obscenity in the first degree, a felony (Penal Law, § 235.06), and was fined $10,000. Thus, by the producers' pleas of guilty, it has been established that the film, which admittedly was produced in New York State as well as shown here, was obscene in nature.

With the foregoing as background material, we turn to the pleadings.

The Braunsteins commenced this action against Tarantella, Braunstein, Troma, Herz and Kaufman. The complaint alleged one cause of action against Tarantella and Braunstein (the producers) and another against Troma, Herz and Kaufman (the distributors).

The cause of action against the producers claimed a failure to pay a debt. The complaint alleged that Tarantella and Braunstein were engaged in the business of producing a movie film entitled "Fulfilling Young Cups" for presentation to the public at large and that said defendants obtained loans from the Braunsteins amounting to $45,829.48 which were payable on demand. That cause of action is not involved on this appeal.

The cause of action against Troma, Herz and Kaufman (the distributors) alleged that the Braunsteins, as a consequence of negligent and willful conduct by said defendants in the distribution of the film, suffered damage. On May 5, 1981 Justice Douglas F. Young granted the motion of

defendants Troma, Herz and Kaufman to dismiss the cause of action pleaded against them by the Braunsteins upon the ground that "the second cause of action fails to establish any legal duty owed by the movants to plaintiffs."

In their answer to the Braunsteins' complaint defendants Tarantella and Braunstein denied the allegation that money was due and owing the plaintiffs and asserted, as a defense to their claim, that a certain condition precedent to liability had not occurred.

Tarantella and Braunstein also alleged three cross claims against Troma and the other two individual defendants. Those cross claims are the subject of this appeal which results from the denial by Special Term of the motion of defendants Troma, Herz and Kaufman, made under CPLR 3211 (subd [a], par 7), to dismiss those cross claims for failure to state a cause of action.

The first cross claim (simply denominated as "a crossclaim" in the answer) alleges a cause of action by the corporate defendant, Jason Tarantella, Inc., against the corporate cross claimant, Troma, Incorporated, for an accounting under the alleged distribution agreement relating to the subject film.

The second cross claim (denominated "a first crossclaim" in the answer) alleges a cause of action by Tarantella and Braunstein against Troma, Herz and Kaufman for negligence in the distribution of the film in Nassau County, which is alleged to have subjected Tarantella and Braunstein to the criminal prosecution in which they pleaded guilty.

The third cross claim (denominated a "second crossclaim" in the answer) alleges a cause of action by Tarantella and Braunstein against Troma, Herz and Kaufman for fraud and deceit with respect to alleged misrepresentations of "high profits" to be made from said film, and the place where such film could be "legally" shown, and for defrauding Tarantella and Braunstein of their funds in order to satisfy the wants of Troma, Herz and Kaufman.

In denying the motion to dismiss the three cross claims, Special Term wrote:

"The third cross-claim (denominated second cross-claim in the answer) states a cause of action for the negligent distribution of the defendant Braunstein's x-rated film in Nassau County where it violated the law and caused the arrest and prosecution of the defendant, Jay Braunstein. Contrary to the contention of defendants, the order of Mr. Justice Young dismissing the second cause of action of plaintiffs' complaint is not the law of the case as to the cross-claim. Plaintiffs are the parents of defendant, Braunstein. They loaned him moneys to produce the film which, upon distribution in Nassau County resulted in their arrest as well as his own. In that situation, no contract existing [*sic*] between the parents and the distributors. Mr. Justice Young found no duty owed, and, therefore, a failure to state a cause of action for negligence. The cross-claim here attacked alleges a duty arising from the contractual relationship of the parties, a breach of the duty and damage to the defendant cross-claimant which was the proximate result of the alleged negligence (Shindler v. Lamb, 25 Misc 2d. 810, affd. 10 A.D.2d 826). On a motion to dismiss for failure to state a cause of action, the court does not examine the merits of the claims of the parties but only whether, assuming the allegations of the complaint are true, that an actionable cause is stated. (Tobin v. Grossman, 24 N.Y.2d 609.) The cross-complaint meets this test and the motion to dismiss for failure to state a cause of action is denied, as to the claims grounded in negligence.

"Similarly, the third cross-claim states the elements of a cause of action for misrepresentation. (N.Y. Jur., § 32 et seq), and the first cross-claim for an accounting, denominated only as 'cross-claim' is sufficient, alleging a breach of the distribution agreement insofar as it required quarterly collections, account statements and income distributions.

"Nothing in this order, which has examined only the sufficiency of the complaints to withstand the motion to dismiss pursuant to CPLR 3211 (a) (7) is to be construed as a determination on the merits which must await either trial or a motion for summary judgment pursuant to CPLR 3212."

It is obvious from the last quoted paragraph appearing in the order of Special Term that while the Special Term

Justice was of the view that the cross claims contained those elements necessary to spell out causes of action, he had grave doubts as to the cross claimants' right to prevail on the merits. In our judgment, Special Term's instincts as to the outcome of this case were eminently sound. So it is that although we hold that Special Term correctly determined that the essential elements of each cross claim were pleaded, we are of the view that the distributors' motion to dismiss the three cross claims should be granted upon the ground that the maintenance of the cross claims would offend the public policy of this State.

As noted above, the producers made the subject film in New York. By their pleas of guilty to the afore-noted crimes they have admitted that the film is obscene by the application of this State's standards. One who makes a film in New York, knowing its contents and character are obscene (and the producers here are chargeable with such knowledge), although made for distribution in a jurisdiction where the showing of same would be lawful, violates this State's penal statutes (see Penal Law, § 235.05).

To allow the producers of an obscene film to maintain an action in New York for an accounting of the proceeds obtained by the distributors from the distribution of the film in this State or in jurisdictions where its distribution is lawful would be to call upon this court to serve as pay master of the wages of crime. (See *Stone v Freeman,* 298 NY 268, 271.) Because that would be the result of court involvement in such a situation, the law will not extend its aid to either of the parties, the producers or the distributors, or listen to their complaints against each other, but will leave them where their own acts have placed them.

Manifestly, to permit a recovery in this case would provide an incentive for the further production of obscene films in New York in violation of this State's penal statutes. Long settled public policy closes the doors of our courts to those who sue to collect the rewards of corruption. (See *McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 469.) That the distributors may profit as a result by not having to share with the producers the ill-gotten money acquired through the distribution of the obscene film is not the issue. Our concern is with the question of

whether a recovery by the producers should be denied for the sake of public interests, a question which is one of public policy in the administration of the law. (*McConnell v Commonwealth Pictures Corp., supra,* p 469.)

Producers of obscene films should not be given any comfort by the courts of this State. Rather, they should be on notice that the courts are totally lacking in sympathy for their self-created plight.

In sum, then, we hold that where, as here, a film, admittedly obscene, is produced in New York no action which is dependent upon the contract for the distribution of the film can be maintained in New York by the producer since the film was produced in violation of this State's penal statutes and it matters not that the producer claims that the contract called for the film to be distributed only in jurisdictions where the showing of said film would be lawful. To hold otherwise would be to sanction a violation of the public policy of this jurisdiction inasmuch as the subject matter of the contract is the fruit of an unlawful activity in this State. Consequently, the cross claim for an accounting is dismissed.

To succeed in a negligence action against the distributors, the producers would have to establish that the distributors owed the producers a legal duty to exercise reasonable care by reason of their contractual relationship. However, it is clear that the subject matter of that contractual relationship was the fruit of the producers' own unlawful activity. In order to prove such action the producers would have to rely in part on their own illegal act — the production of an obscene movie. "It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose" (*Stone v Freeman,* 298 NY 268, 271, *supra*).

Here, of course, the producers intended to make money from the showing of a film which by its nature violated the Penal Law of this State. The fact that the producers were looking to the distributors to show it only where no prose-

cution would result is irrelevant and is no reason to permit a recovery upon the ground of negligence.

In the final analysis the producers are asking the courts to award them money damages against the distributors because the distributors have failed to successfully carry out the parties' illegal objective. Our response to that request is that the producers cannot be heard to complain that the distributors' negligence interfered with their accomplishment of their unholy purpose. The producers themselves committed the crime of obscenity in New York and they cannot look to the distributors for damages in negligence simply because by their acts the distributors made it possible for the producers to be caught and prosecuted. According to their pleading the producers hoped that "high profits" would be made by them as a result of their production of "Fulfilling Young Cups". Instead, they were each convicted of obscenity related crimes. Although they received something other than what they bargained for, they received that which under the law of this State was their just due.

Moreover, to permit a recovery for damages arising from the producers' convictions due to the alleged negligent distribution of said film in the jurisdiction where it was not only distributed but produced in violation of State law, would, in essence, permit the corporate producer to recover the fine it paid upon its conviction.

Accordingly, the producers' cross claim sounding in negligence is dismissed.

The producers' cross claim for fraud and deceit is also dismissed on public policy grounds as well as on the additional ground that there is no allegation that the film was produced solely because of the producers' reliance upon a misrepresentation made by the distributors.

Thus, we close the doors of the courts of this State to Jason Tarantella, Inc., and Jay Braunstein, the producers of "Fulfilling Young Cups", in their dispute with the distributors of the film.

We hope that the moral of this case is clear — those who produce obscene movies in the State of New York do so at their own peril.

The order appealed from should be reversed, on the law, and the motion to dismiss the three cross claims pleaded in respondents' answer granted.

TITONE, J. P., BRACKEN and BOYERS, JJ., concur.

Order of the Supreme Court, Nassau County, dated August 10, 1981, reversed, on the law, without costs or disbursements, and motion to dismiss granted.