UNITED CALENDAR MANUFACTURING CORP., Doing Business as MARCY MEDICAL AND DENTAL, Respondent, v TSUNG C. HUANG et al., Appellants.

Second Department, June 13, 1983

APPEARANCES OF COUNSEL

*Mandell & Mandell* (*Mark J. Mandell* of counsel), for Rajinder Singh Uppal, appellant and *Seymour Friedman, P. C.,* for Tsung C. Huang, appellant (one brief filed).

*Ash & Ash* (*Arthur K. Ash* of counsel), for respondent.

### OPINION OF THE COURT

NIEHOFF, J.

This is an action in which the plaintiff seeks a judgment granting it (1) a permanent injunction which would enjoin the defendants, medical doctors, from the practice of medicine in Brooklyn, New York, and restrain defendants from soliciting or attempting to render medical service to any of the plaintiff's "patients", and (2) money damages.

The complaint alleges that the plaintiff is a corporation incorporated under the Business Corporation Law of the

State of New York, doing business under the trade name of Marcy Medical and Dental, and that during the past 10 years the plaintiff has maintained a building at 599 Marcy Avenue, Brooklyn, New York, which provides "medical, dental and professional services" to the public.

In its complaint the plaintiff also alleges that it has "amassed thousands of names of patients whose records [and charts] are kept in filing cabinets at plaintiff's place of business"; that it hires medical, dental and other professional personnel to whom patients are assigned when they seek services at plaintiff's place of business; that the said professional personnel are afforded the full services and use of the equipment and office space; and that all patients remain the patients of Marcy.

The complaint goes on to state that in 1973 plaintiff hired defendant Huang, a medical doctor licensed to practice medicine in the State of New York, whose employment continued until May, 1982 and that in 1976 plaintiff hired defendant Uppal, a medical doctor licensed to practice medicine in the State of New York, whose employment also continued until May, 1982. According to plaintiff "[t]here was a definite arrangement with the defendants whereby plaintiff was to receive 30% of the total fees received by them."

Plaintiff complains that on vacating the premises, defendants copied the list of patients from the records maintained in the plaintiff's premises and mailed announcement cards to the patients advising them of the defendants' new address.

Following the interposition of their answer the defendants moved for summary judgment dismissing the complaint. They argued, *inter alia,* that, "as a matter of law, a person or entity that is not licensed as a physician cannot claim to have patients" and that, therefore, plaintiff's complaint which is founded on the claim that defendants have been soliciting or serving "plaintiff's patients" must fall.

Special Term found:

"After reading all of the affidavits in support and opposition of the motion[s] together with the memoranda of law

submitted and after hearing the oral argument of both sides, the court concludes that the plaintiff corporation is not a medical professional corporation and that the plaintiff was operating a medical facility for which it holds no license and therefore it has no patients of its own. (see Article 28 of the Public Health Law of the State of New York) The court also determines, based upon all of the foregoing, that the plaintiff also is in violation of New York Code of Rules and Regulations, Title 10, Section 751.4 and 751.6.

"In addition to all the forgoing, the court determines that the arrangement between the plaintiff and the defendants is, on its' face, prohibited under Article 130 of the Education Law and its' subarticles (see also Codes, Rules and Regulations of the State of New York, Chapter I, Board of Regents, Education Department, Part 29, Section 29.1)".

Having so found, the court went on to say:

"Under the circumstances of this case the court determines that there is a very distinct probability of unlawful, improper and/or unethical conduct on the part of all of the parties to this law suit and as such, the court will not lend its' approval to the conduct of either side. A copy of this decision will be sent to the Attorney General of the State of New York, The Secretary of State of the State of New York, The New York Board of Regents, and the District Attorney of the County of Kings for the taking of such action as those bodies deem appropriate under the circumstances.

"The motion[s] for summary judgment, under these circumstances, [are] denied."

On this appeal, defendants argue that the court's decision to deny the motions for summary judgment is inconsistent with its factual determination that the plaintiff has no patients, is not licensed, and is in violation of 10 NYCRR 751.4 and "751.6"; that from what the court said, it is quite clear that the plaintiff entity cannot practice medicine; that taking that holding to its logical conclusion it follows that the plaintiff cannot have patients of its own; and that, therefore, it is not entitled to any of the relief, i.e., injunctive, compensatory or punitive damages, sought in its complaint. We agree.

Section 6522 of the Education Law provides that "[o]nly a person licensed or otherwise authorized under this article shall practice medicine or use the title 'physician'." In New York Jurisprudence (vol 45 [rev], Physicians and Surgeons, § 32, p 306), it is pointed up that "[t]he most important of all statutory regulations pertaining to the practice of the healing art is that which requires every person who desires to engage in its practice to first obtain a license to do so, issued by the state, after a prescribed showing by the applicant of his qualifications to engage in such practice."

The relationship of physician and patient is a consensual one and while it may arise out of contract, the existence of the relationship need not rest on any express contract between the physician and the person treated. The relationship is created when the professional services of a physician are rendered to and accepted by another person for the purposes of medical or surgical treatment (see 45 NY Jur [rev vol] Physicians and Surgeons, § 117).

Manifestly, the patients who are, in essence, the subject matter of this lawsuit, have a patient-physician relationship with the physicians who treat or have treated them, defendants included, not with the plaintiff entity which is not authorized to practice medicine.

Plaintiff, on its part, does not quarrel with the proposition that the practice of medicine requires a license. Its argument is that its "business did not constitute the practice of medicine." It asserts that "[i]n the case at bar, plaintiff does not render any bills to the patients nor does it receive any payment of any bills from the patients. Pursuant to the existing arrangement during all the years between the plaintiff and defendants, the arrangements were that the defendant doctors were paid directly and plaintiff received 30% of the gross earnings at plaintiff's premises."

If, as plaintiff argues, it is not engaged in the practice of medicine for the reasons stated above, how can plaintiff properly assert that defendants are "soliciting or attempting to solicit or attempting to serve * * * *plaintiff's* patients" (emphasis supplied)? Patients have the right to seek the services of doctors of their own choice. They are not obligated to use doctors who are affiliated with, or

designated by, plaintiff. Clearly, those patients who seek medical attention at the facility maintained by the plaintiff corporation cannot be said to "belong" to the plaintiff entity or be "plaintiff's patients".

Inasmuch as the plaintiff corporation does not have any legal claim to any of the patients who are treated at its facility, it may not successfully maintain this action which is predicated on its proving that the defendants have been, in effect, seeking to steal "plaintiff's patients".

What is more, assuming the allegations of the complaint to be true, the plaintiff's cause of action is founded upon an illegal contract. Plaintiff corporation, which is not licensed to practice medicine and cannot have patients, seeks an injunction and money damages based upon a fee splitting arrangement which is prohibited by law (see Education Law, § 6509-a; 8 NYCRR 29.1). Special Term correctly held that the arrangement between the plaintiff and the defendants is, on its face, violative of the laws of this State. That being so, plaintiff may not seek the aid of the courts in its effort to enforce such illegal contract.

While the defendants who participated in the illegal arrangement when it suited their purposes to do so are not entirely without blame, "[i]t is the settled law of this State (and probably of every other State) that a party to an illegal contract [in this case the plaintiff corporation] cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose" (*Stone v Freemen,* 298 NY 268, 271; see, also, *Barker v Kallash,* 91 AD2d 372; *Braunstein v Jason Tarantella, Inc.,* 87 AD2d 203). The denial of relief to the plaintiff in such a case is not based on any desire of the courts to benefit the particular defendant. That the defendant may profit from the court's refusal to intervene is irrelevant. What is important is that the policy of the law be upheld. Where the parties' arrangement is illegal "the law will not extend its aid to either of the parties * * * or listen to their complaints against each other, but will leave them where their own acts have placed them" (*Braunstein v Jason Tarantella, Inc., supra,* p 207).

Accordingly, the order of Special Term denying defendants' motions for summary judgment should be reversed, the motions for summary judgment granted, and the complaint dismissed.

GIBBONS, J. P., GULOTTA and O'CONNOR, JJ., concur.

Order of the Supreme Court, Kings County, dated November 5, 1982, reversed, on the law, with costs, and defendants' motions for summary judgment granted and complaint dismissed.