■ JEAN P. HARTMAN, Appellant, v RALPH S. BELL et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of the plaintiff's medical practice, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Joy, J.), dated November 28, 1986, as granted the respondents' cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a contract dated June 1, 1983, the plaintiff, a physician, agreed to sell his professional medical practice to the defendants, who are also physicians who belong to a professional medical group. The agreement provided that the defendants were to pay the plaintiff 40% of the gross income from their practice of industrial medicine (the practice of medicine relating exclusively to workers' compensation, no-fault insurance and preemployment physicals) for a period of three years, and if that amount did not total $140,000, a $140,000 minimum payment. The contract further provided for the plaintiff to

receive 20% of the gross receipts from the defendants' practice of industrial medicine for six months following the end of the three-year period.

We find that the agreement in question constituted a voluntary prospective arrangement for the splitting of fees in contravention of Education Law § 6509-a and State public policy (see, Psychoanalytic Center v Burns, 46 NY2d 1002, rearg denied 47 NY2d 951; United Calendar Mfg. Corp. v Huang, 94 AD2d 176) and that the Supreme Court properly granted the respondents' motion for summary judgment. Nor is the plaintiff entitled to recover under the theory of unjust enrichment. "The denial of relief to the plaintiff in such a case is not based on any desire of the courts to benefit the particular defendant. That the defendant may profit from the court's refusal to intervene is irrelevant. What is important is that the policy of the law be upheld. Where the parties' arrangement is illegal 'the law will not extend its aid to either of the parties * * * or listen to their complaints against each other, but will leave them where their own acts have placed them' " (United Calendar Mfg. Corp. v Huang, supra, at 180, quoting Braunstein v Jason Tarantella, Inc., 87 AD2d 203, 207).

We have considered the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.