■ E. Sachs et al., Doing Business as East Bronx Dental Services, Respondents, v Clifford Saloshin, Appellant.—In an action, inter alia, to recover damages for breach of an oral contract relating to the rental of a dental facility, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered June 15, 1987, as granted that branch of the plaintiffs' cross motion which was for summary judgment dismissing the defendant's counterclaim for restitution predicated upon a theory of unjust enrichment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment dismissing the defendant's counterclaim for restitution predicated on the theory of unjust enrichment. The record establishes that each year, over a four-year period, the defendant remitted 20% of his gross revenues from the practice of dentistry to the plaintiffs, as partial consideration for his

occupancy and use of a fully equipped dental facility which was apparently held as an investment by the plaintiffs under a long-term lease.

The defendant concedes that by tendering a percentage of his patient fees to the plaintiffs, he violated the public policy of this State as reflected in Education Law § 6509-a, the rules for professional conduct established by the Board of Regents (8 NYCRR 29.1 [b] [4]), and the Code of Ethics of the Dental Society of the State of New York (Code of Ethics § I [1-I]; *see, Psychoanalytic Center v Burns,* 46 NY2d 1002, 1003, *rearg denied* 47 NY2d 951; *Hartman v Bell,* 137 AD2d 585; *Baliotti v Walkes,* 115 AD2d 581, *lv dismissed* 68 NY2d 664).

We reject the defendant's contention that despite his professional misconduct, the equities in the instant case favor his recovery. The mere fact that the arrangement in question was entered into by the defendant as a newly licensed dentist, eager to establish a dental practice, does not render him less culpable for furthering his own interests in direct contravention of the strong public policy proscribing fee splitting among professionals. As a licensed professional and voluntary participant in the unethical arrangement for the prospective splitting of fees, the defendant is not entitled to recover under the theory of unjust enrichment *(see, Hartman v Bell, supra).*

We have considered the parties' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.