■ MICHAEL G. DOLIN, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER, Respondent.—In an action, *inter alia,* to recover damages for fraud and unjust enrichment, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered March 18, 1987, as denied his cross motion for partial summary judgment and for an equitable accounting, and granted the defendant's motion for summary judgment to the extent that it dismissed the plaintiff's second cause of action to recover damages for unjust enrichment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the defendant from December 1978 through June 30, 1984, as an orthopedic surgeon. As a full-time employee, the plaintiff was initially prohibited from engaging in the private practice of medicine and from receiving income from such practice. Thereafter, on August 21, 1980, he was permitted to augment his full-time salary with private practice income generated under the defendant's Faculty Practice Plan. Under the plan, the plaintiff received quarterly compensation payments along with written accountings setting forth the formula the defendant used to calculate the amount of the payments. He received a total of $79,335.72 from his participation in the plan. After his resignation, the plaintiff commenced an action against the defendant to recover damages for fraud, unjust enrichment and an equitable accounting, alleging that he was owed additional compensation for services he rendered under the plan.

The plaintiff contends that the fee-splitting arrangement was in violation of Education Law § 6509-a. We disagree. Courts have consistently rejected challenges to faculty medical practice plans such as the one adopted here on the ground that the allocation of income generated under such plans is not governed by Education Law § 6509-a *(see, Albany Med. Coll. v McShane,* 66 NY2d 982, *rearg denied* 67 NY2d 757; *Kountz v State Univ.,* 87 AD2d 605, *affg* 109 Misc 2d 319, *appeal dismissed* 58 NY2d 747). Accordingly, we find that the allocation of income produced under the defendant's plan is not prohibited.

We have examined the plaintiff's remaining contentions and

find them to be without merit. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.