■ LITTLE PRINCESS TRUCK RENTALS, INC., Respondent, v PERGAMENT DISTRIBUTORS, INC., et al., Appellants.—In an action to recover damages for breach of contract and legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 5, 1988, as denied those branches of their motion which were to dismiss the plaintiff's causes of action accruing on or after February 7, 1980.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendants' motion which were to dismiss the plaintiff's first and eleventh causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiff seeks, *inter alia,* enforcement of a contract for interstate trucking, entered into in 1975, but declared illegal by the Interstate Commerce Commission (hereinafter ICC). Under Federal law, the parties were obligated to obtain ICC approval of all rate-setting contracts (49 USC §§ 10761, 10762). A second contract was entered into in 1976 which amended the previous agreement in order to secure Federal approval; it was subsequently ratified by the ICC. The plaintiff was represented by the defendant Rothman, also an officer of and attorney for the defendant Pergament Distributors, Inc. (hereinafter Pergament).

The plaintiff and the defendant Pergament continued their business dealings. The plaintiff acted as Pergament's trucking-delivery firm. The plaintiff alleges that subsequent to 1976, it entered into oral agreements amending the ICC-approved contract. These agreements allegedly called for rate increases to pay for insurance and services rendered in Pergament's

warehouses. The parties' contractual relationship continued until January 1986. The plaintiff sued Pergament for money it claims is due under the 1975 contract and the later oral agreements. It sued the attorney Rothman for malpractice arising out of his representation before the ICC pursuant to the 1975-1976 contracts. The Supreme Court denied the defendants' motion to dismiss except for damages which accrued before February 7, 1980. We modify this order.

It is well settled that an illegal contract will not be enforced *(see, Braunstein v Jason Tarantella, Inc., 87 AD2d 203)*. As we are bound by Federal law in determining the legality of a contract involving interstate commerce *(see, Pan Am. World Airways v Overseas Raleigh Mfg., 51 NY2d 960, rearg denied 52 NY2d 899, cert denied 452 US 962)*, we cannot allow a cause of action to enforce a contract that was declared illegal by the Federal agency charged with this duty. We therefore dismiss the plaintiff's first cause of action which seeks damages for the breach of that contract *(see, Braunstein v Jason Tarantella, Inc., supra)*.

As for the other causes of action asserted by the plaintiff against Pergament, we agree with the Supreme Court that there are many questions regarding these agreements which must be answered before it can be determined what their provisions are and whether they are valid and enforceable. As such, we will not dismiss claims predicated on these agreements. We note that the defenses of the Statute of Frauds and illegality and the applicability of the parol evidence rule can be better addressed after discovery is completed.

As for the plaintiff's claim of malpractice against attorney Rothman, we dismiss that cause of action based on the Statute of Limitations. The plaintiff has not shown continuing representation by Rothman on the same matter on which he is accused of malpractice any time after 1976. Therefore, the Statute of Limitations has not been tolled by any "continuous representation" and any claim arising out of that matter is time barred *(see, Muller v Sturman, 79 AD2d 482; Gilbert Props. v Millstein, 33 NY2d 857)*. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.