■ RICHARD SYMS, Formerly Known as RICHARD MERNS, Appellant, v SY SYMS, Formerly Known as SY S. MERNS, et al., Respondents. [595 NYS2d 406] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered September 4, 1992, granting defendants' motion for summary judgment and denying plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The IAS Court correctly determined that summary judgment in defendants' favor is not precluded by triable issues of fact as to whether defendant Sy Syms, aided by his attorney, defendant Rosenthal, had diluted plaintiff's stock interests in the Syms clothing corporation by fraudulently inducing plaintiff's signature on a Voting Trust Agreement, dated July 25, 1983, in connection with a public offering and reorganization. The record reflects that plaintiff, in his capacity as a director of the corporate entity and as one of the children of defendant Sy Syms, had unfettered access to the corporate books and

records, including the Amended Certificate of Incorporation, the reorganization plan and Voting Trust Agreement, prior to the July 25, 1983 reorganization and while represented by counsel; had personally executed a stock power assigning to the corporate entity his 340 shares of non-voting common stock in Syms, Inc.; and had represented in the July 25, 1983 Voting Trust Agreement and reorganization plan that he was the lawful owner of record of 340 shares of non-voting common stock in Syms. It therefore clearly appears that plaintiff knew, prior to July 25, 1983, the full nature of his father's holdings, including the voting preferred stock in the corporation.

The IAS Court also correctly determined that the Statute of Limitations bars plaintiff's causes of action for fraud (CPLR 203 [f]; 213 [8]; *Smith v Sarkisian,* 63 AD2d 780, *affd* 47 NY2d 878) and legal malpractice (CPLR 214 [6]; *Little Princess Truck Rentals v Pergament Distribs.,* 143 AD2d 179, 180).

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.