OPINION OF THE COURT
Stephen G. Crane, J.
In this action for the return of an allegedly illegal contingent fee, plaintiff, Lothar’s of California, moves and defendant, Perry Weintraub, cross-moves pursuant to CPLR 3212 for summary judgment. Both motions are granted for the reasons set forth below.
Plaintiff retained the defendant to conduct an audit of the books and records of plaintiff’s subtenant, Chanel, Inc. Pursuant to the sublease with plaintiff, Chanel was required to pay a percentage of its gross sales as additional annual rent. In consideration for these services, defendant required a "guaranteed audit fee” of $3,000, as well as a "contingent fee” of one third of any monies recovered from Chanel. Upon defendant’s audit, Chanel paid plaintiff additional profit percentage rent in the amount of $302,092. Defendant billed plaintiff for one third of the amount recovered by plaintiff, plus the additional $3,000, which totaled $102,697. Plaintiff paid $90,000 towards the contingency fee, in addition to the $3,000 "guaranteed audit fee”.
Upon realizing the impropriety of the use of contingent fees by public accountants, plaintiff requested defendant to return the contingent fee in excess of defendant’s fee calculated on an hourly basis. Defendant refused and demanded immediate payment of the $9,697 balance of the $99,697 contingent fee. The action at hand followed, with plaintiff moving for summary judgment for $90,000 or any part thereof, and to dismiss defendant’s counterclaim for $9,697. The defendant cross-moves for summary judgment dismissing the complaint and for the balance.
The first issue is whether defendant’s services constitute the practice of the profession of public accountancy under the laws of the State of New York, pursuant to section 7401 of the *462 Education Law.[1] If defendant was acting as a public accountant when auditing Chanel, Inc., his use of a contingent fee would constitute "unprofessional conduct”. (8 NYCRR 29.10 [a].)[2]
Defendant claims that his services were performed as a private agent of plaintiff and not as a public accountant. He argues that since he was not "offering to perform or performing for other persons, services which involve signing or delivering any financial, accounting or related statement”, he was not acting as a public accountant. Defendant obtained the work by holding himself out to plaintiff as a certified public accountant licensed by the State of New York. Plaintiff’s letter to defendant dated November 25, 1991, is within the meaning of section 7401 of a "financial, accounting, or related statement” or report. Defendant also purported to have expert knowledge in auditing. Defendant’s services were clearly within the statutory definition of public accounting. (Education Law § 7401.) Since defendant was acting as a public accountant, it follows that defendant violated 8 NYCRR 29.10 (a).
Defendant’s "unprofessional conduct” could jeopardize his license. (Education Law § 6511.) This is a matter for the New York State Board of Regents to determine. It is for this court simply to decide whether defendant should return the payments made pursuant to the contingent fee arrangement.
Plaintiff reasons that to allow defendant to retain the contingent fee would be to reward him for serious professional misconduct. Defendant argues that allowing plaintiff to recover the monies paid to defendant and to enjoy the benefits *463 of defendant’s services would be an unfair windfall and unjust enrichment. Nonetheless, defendant’s conduct is prohibited by a precise administrative regulation (8 NYCRR 29.10 [a]), promulgated under section 6511 of the Education Law.
Both plaintiff and defendant are in agreement that a violation of 8 NYCRR 29.10 (a) is unprofessional conduct tantamount to an illegal contract. The courts of this State have consistently held that even in the event of illegality, equity does not require defendant to return amounts already paid, and that the parties to an illegal contract "should be left as they are.” (Segrete v Zimmerman, 67 AD2d 999, 1000.)
Although plaintiff now contends that defendant’s work was not completely and satisfactorily performed, plaintiff’s actions suggest otherwise. Plaintiff paid the $90,000 to defendant believing that this was the full amount of the contingent fee, appearing satisfied with defendant’s work. Plaintiff did not complain about defendant’s audit until its reply affidavit. Plaintiff has not raised an issue of triable fact with regard to defendant’s motion for summary judgment dismissing the complaint. A motion for summary judgment must be granted unless a triable issue of fact is presented. (Andre v Pomeroy, 35 NY2d 361.) For these reasons, defendant’s motion to dismiss the complaint is granted.
As for defendant’s counterclaims against plaintiff to enforce the contingent fee arrangement, this court will not promote such unlawful, improper or unethical activities. As stated above, the parties agree that a violation of 8 NYCRR 29.10 (a) is unprofessional conduct tantamount to an illegal contract. Where an arrangement is illegal, the law will not extend its aid to either party or listen to their complaints against each other, but will leave them where their own acts have placed them. (United Calendar Mfg. Corp. v Huang, 94 AD2d 176,180.)
For these reasons, defendant’s motion for summary judgment dismissing plaintiff’s action is granted,[3] and plaintiff’s motion for summary judgment dismissing defendant’s counterclaims is granted.

. "The practice of the profession of public accountancy is defined as holding one’s self out to the public, in consideration of compensation received or to be received, offering to perform or performing for other persons, services which involve signing, delivering or issuing or causing to be signed, delivered or issued any financial, accounting or related statement or any opinion on, report on, or certificate to such statement if, by reason of the signature, or the stationery or wording employed, or otherwise, it is indicated or implied that the practitioner has acted or is acting, in relation to said financial, accounting or related statement, or reporting as an independent accountant or auditor or as an individual having or purporting to have expert knowledge in accounting or auditing.”

. "Unprofessional conduct” includes "offering or rendering professional services under an arrangement whereby no fee will be charged unless a specified finding or result is attained, or where the fee is otherwise contingent upon the findings or results of such services.”

. The second cause of action claims that the $90,000 fee was unconscionable and exceeded the value of defendant’s services. The doctrine of Segrete v Zimmerman (supra) requires dismissal of this claim as well.