■ SHELDON RABIN, M.D., P. C., et al., Appellants, v GARY S. HIRSHFIELD et al., Respondents. [636 NYS2d 117] —In an action for an accounting, damages, and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated June 30, 1994, which, inter alia, (1) granted those branches of the motion by the defendants Gary S. Hirshfield, M.D. and Gary S. Hirshfield, M.D., P. C. which were to dismiss (a) the first, second, and eighth causes of action, as well as those portions of the ninth cause of action as alleged a breach of a professional services or nonsolicitation agreement, (b) all of the causes of action interposed by the individual plaintiff Sheldon Rabin, M.D., and (c) the claims for punitive damages; and, (2) denied the plaintiffs' cross motion for injunctive relief and for leave to serve an amended complaint.

Ordered the order is modified by deleting the provisions thereof granting those branches of the motion which were to dismiss (a) the first, second, and eighth causes of action, as well as those portions of the ninth cause of action as alleged a breach of the professional services or nonsolicitation agreement, and (b) all of the claims interposed by the individual plaintiff Sheldon Rabin, M.D., and substituting therefor provi-

sions denying those branches of the motion which were to dismiss the first, second, eighth, and ninth causes of action, and which were to dismiss the claims interposed by the individual plaintiff Sheldon Rabin, M.D.; as so modified, the order is affirmed, with costs to the appellants payable by the respondents Gary S. Hirshfield, M.D. and Gary S. Hirshfield, M.D., P. C.

While it is the established public policy of this State that medical providers may not engage in voluntary prospective fee-splitting arrangements (see, Education Law § 6509-a; 8 NYCRR 29.1 [b]; *United Calendar Mfg. Corp. v Huang,* 94 AD2d 176), this blanket proscription against fee-splitting does not extend to a licensed professional associated with or employed by a professional corporation formed to provide medical services (see, Education Law § 6509-a; 8 NYCRR 29.1 [b]; *Albany Med. Coll. v McShane,* 66 NY2d 982; *Dolin v Long Is. Jewish Med. Ctr.,* 139 AD2d 487; cf., *Hauptman v Grand Manor Health Related Facility,* 121 AD2d 151). Material questions of fact preclude a determination of the validity of the parties' fee-splitting arrangement and the nonsolicitation agreement as a matter of law (see, CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the plaintiffs' first, second, eighth, and ninth causes of action must be reinstated.

Further, since the letter embodying the nonsolicitation agreement was addressed to Sheldon Rabin individually, and not his professional corporation, the individual plaintiff has standing to enforce the nonsolicitation agreement and, therefore, to the extent that he seeks to enforce that agreement, his claims must also be reinstated.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.