■ ELIO LoMAGNO, Respondent, v YOUNG W. KOH, Appellant. [667 NYS2d 280] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated October 3, 1996, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for the imposition of sanctions pursuant to 22 NYCRR 130-1.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendant's motion which was to dismiss the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs.

Assuming the allegations of the complaint to be true, the oral agreement under which the plaintiff seeks to recover constitutes a voluntary, prospective arrangement for the splitting of fees with a medical provider in contravention of Education Law § 6509-a and State public policy (*see, Matter of Bell v Board of Regents,* 295 NY 101, 111; *Hartman v Bell,* 137 AD2d 585, 586; *United Calendar Mfg. Corp. v Huang,* 94 AD2d 176, 180). That such a conclusion would also, by necessity, implicate

the defendant in the illegal scheme is irrelevant. "The denial of relief to the plaintiff in such a case is not based on any desire of the courts to benefit the particular defendant. That the defendant may profit from the court's refusal to intervene is irrelevant. What is important is that the policy of the law be upheld. Where the parties' arrangement is illegal 'the law will not extend its aid to either of the parties * * * or listen to their complaints against each other, but will leave them where their own acts have placed them'" (*United Calendar Mfg. Corp. v Huang, supra,* at 180, quoting *Braunstein v Jason Tarantella, Inc.,* 87 AD2d 203, 207; *see also, Hartman v Bell, supra,* at 586). Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.