■ JEFFREY CANARICK et al., Appellants, v FRANK CICARELLI et al., Defendants, and JAMES R. PETTY et al., Respondents. [847 NYS2d 641]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (De Maro, J.), entered November 2, 2006, which granted the motion of the defendants James R. Petty and Lyubov Petty for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

By deed dated February 28, 2005, the defendants James R. Petty and Lyubov Petty (hereinafter the Pettys) transferred certain real property located in Woodbury (hereinafter the subject property) to the defendant Frank Cicarelli and his wife. Cicarelli and his wife retained the services of the defendant Charles W. Kuehn, an architect, and the defendant Lunasol Builders, Inc., a contractor, to design and construct a one-family house on the subject property. The defendants Huntington Landscaping and Contracting, Inc., and Wallart, Inc., were retained, respectively, to excavate the subject property and to construct a retaining wall along that portion of the subject property that abuts the plaintiffs' property. The plaintiffs commenced this action to recover damages for injury to their property allegedly caused by, inter alia, the foregoing excavation activities on the subject property.

The Pettys established their prima facie entitlement to judgment as a matter of law by demonstrating, through the affidavit of James R. Petty, that they neither retained the services of anyone to excavate, construct a retaining wall, or remove trees from the subject property, nor personally were engaged in any of those activities. The affidavits and documentary evidence of the Pettys' codefendants also demonstrated that Cicarelli and his wife, and not the Pettys, retained the services of the architect and the various contractors to excavate and construct a retaining wall on the subject property.

The assertions made by the plaintiff Jeffrey Canarick, in his affidavit in opposition, regarding the purported involvement of the Pettys in the activities which allegedly caused damage to the plaintiffs' property, were speculative and conclusory, and contradicted by evidence in the record (*see Carpio v Leahy Mech.*

*Corp.*, 30 AD3d 554, 555 [2006]). Thus, the plaintiffs' submissions were insufficient to raise a triable issue of fact (*see generally Haberman v Cheesecake Factory Rests., Inc.*, 43 AD3d 392, 393 [2007]; *Carpio v Leahy Mech. Corp.*, 30 AD3d 554, 555 [2006]). Moreover, the motion was not premature since the plaintiffs failed to offer an evidentiary basis to show that additional discovery might have led to relevant evidence (*see Auerbach v Bennett*, 47 NY2d 619, 636 [1979]; *Arpi v New York City Tr. Auth.*, 42 AD3d 478 [2007]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]), or that the facts essential to oppose the motion were exclusively within the knowledge and control of the Pettys (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792 [1988]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.