■ SOUTH SHORE NEUROLOGIC ASSOCIATES, P.C., Respondent, v MOBILE HEALTH MANAGEMENT SERVICES, INC., et al., Appellants, et al., Defendants. (Matter No. 1.) NORMAN L. CHERNIK, M.D., et al., Plaintiffs, v SOUTH SHORE NEUROLOGIC ASSOCIATES, P.C., Respondent. (Matter No. 2.) SOUTH SHORE NEUROLOGIC ASSOCIATES, P.C., Respondent, v BROOKHAVEN MAGNETIC RESONANCE IMAGING, INC., Defendant, and BERT BRODSKY, Appellant. (Matter No. 3.) In the Matter of BROOKHAVEN MAGNETIC RESONANCE IMAGING, INC. (Matter No. 4.) [995 NYS2d 92]—

In related matters, inter alia, for a judgment declaring that the commercial relationship among certain parties constituted an unlawful fee-splitting arrangement, Mobile Health Management Services, Inc., Lee Management, Inc., and Bert Brodsky appeal from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated November 20, 2012, as, in effect, denied their motion to reject a referee's report dated January 13, 2012, recommending that the court award summary judgment declaring that the commercial relationship among certain parties constituted an unlawful fee-splitting arrangement, and granted the motion of South Shore Neurologic Associates, P.C., to confirm the report.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the motion of South Shore Neurologic Associates, P.C. (hereinafter South Shore), to confirm a referee's report recommending that the court award summary judgment declaring that the subject commercial relationship among certain parties constituted an unlawful fee-splitting arrangement, and properly denied the appellants' motion to reject the report. South Shore established its prima facie entitlement to judgment as a matter of law declaring that the commercial relationship constituted an unlawful fee-splitting arrangement in violation of Education Law § 6530 (19) and 8 NYCRR 29.1 (b) (4) by submitting documents and deposition testimony showing that certain contracts were a pretext to justify the appellants' receipt of one third of the profits of South Shore's MRI practice (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Contrary to the appellants' contention, the evidence submitted by South Shore to the referee was in admissible form (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Schindler v Mejias*, 100 AD3d 1315, 1317 [2012]; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935 [2012]; *DiCamillo v City of New York*, 245 AD2d 332 [1997]). Moreover, the evidence was properly considered by the referee, who was

not limited to consideration of the validity of the subject contracts on their face.

In opposition to South Shore's prima facie showing, the appellants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence they submitted was speculative and conclusory, and failed to show that the payments they received were inconsistent with a one-third share of the profits (*see Castillo v Wil-Cor Realty Co., Inc.*, 109 AD3d 863 [2013]; *Canarick v Cicarelli*, 46 AD3d 587 [2007]). Furthermore, contrary to the appellants' contention, the referee's determination was not premature, as they failed to offer an evidentiary basis to suggest that further discovery may lead to relevant evidence or that facts essential to oppose summary judgment were exclusively within the knowledge and control of South Shore (*see* CPLR 3212 [f]; *Suero-Sosa v Cardona*, 112 AD3d 706, 708 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]).

Accordingly, the Supreme Court properly confirmed the referee's report, which recommended that it award summary judgment declaring that the commercial relationship constitutes "an illegal fee-splitting scheme in violation of Education Law § 6530 (19) and [8 NYCRR 29.1 (b) (4)]" (*see Matter of Bell v Board of Regents of Univ. of State of N.Y.*, 295 NY 101, 111 [1946]; *LoMagno v Koh*, 246 AD2d 579 [1998]; *cf. Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 14 NY3d 898 [2010]). We note that the order appealed from determined only a discrete issue as to whether certain agreements constituted unlawful fee-splitting arrangements. The Supreme Court has yet to determine the ultimate effect of this determination upon the actions, which actions may require further discovery. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.