Linchitz Practice Mgt., Inc. v Daat Med. Mgt., LLC (2018 NY Slip Op 06891)





Linchitz Practice Mgt., Inc. v Daat Med. Mgt., LLC


2018 NY Slip Op 06891


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-00814
2016-00815
2016-05947
 (Index No. 602811/13)

[*1]Linchitz Practice Management, Inc., appellant, 
v
Daat Medical Management, LLC, et al., respondents.


Law Offices of Mitchell J. Devack, PLLC, East Meadow, NY, for appellant.
Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and Meir Katz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 11, 2015, (2) a judgment of the same court dated December 23, 2015, and (3) an order of the same court entered March 31, 2016. The order entered December 11, 2015, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action and, upon searching the record, awarded the defendants summary judgment dismissing the first and second causes of action. The judgment, insofar as appealed from, upon the order entered December 11, 2015, is in favor of the defendants and against the plaintiff dismissing the first and second causes of action. The order entered March 31, 2016, insofar as appealed from, upon reargument, adhered to so much of the original determination in the order entered December 11, 2015, as denied those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action and, upon searching the record, awarded the defendants summary judgment dismissing the first and second causes of action.
ORDERED that the appeal from the order entered December 11, 2015, is dismissed; and it is further,
ORDERED that the judgment and the order entered March 31, 2016, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from so much of the order entered December 11, 2015, as denied those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action and, upon searching the record, awarded the defendants summary judgment dismissing those causes of action must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2012, the plaintiff entered into an agreement, inter alia, to sell certain tangible assets and its interest in a lease to the defendant Daat Medical Management, LLC (hereinafter Daat), for $1,249,000. Daat paid the plaintiff $500,000 of the purchase price at closing and agreed to pay the remaining balance, plus interest, in 36 monthly installments. Daat's obligation to repay the remaining balance was evidenced by a promissory note that was executed by the defendant Issac Laufer, both individually and in his capacity as a member of Daat.
The plaintiff commenced this action against the defendants, seeking, in the first and second causes of action, to recover the balance due on the promissory note and an award of costs and attorney's fees pursuant to the terms of the promissory note, respectively. The plaintiff subsequently moved, inter alia, for summary judgment on those causes of action and dismissing the defendants' counterclaims. The Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' counterclaims, and, upon searching the record, awarded the defendants summary judgment dismissing the first and second causes of action. Thereafter, the plaintiff moved for leave to reargue those branches of its prior motion which were for summary judgment on the first and second causes of action. The court granted reargument, but adhered to its original determination. The plaintiff appeals.
We agree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover the balance due on the promissory note and for an award of costs and attorney's fees, and, upon searching the record, to award the defendants summary judgment dismissing those causes of action. Contrary to the plaintiff's contentions, the evidence submitted by the parties in connection with the motion for summary judgment established, prima facie, that the agreement and the promissory note were a pretext for an unlawful fee-splitting arrangement in violation of the Education Law because they circumvented New York's prohibition on physicians splitting fees with nonphysicians (see Education Law §§ 6509-a, 6530[19]; South Shore Neurologic Assoc., P.C. v Mobile Health Mgt. Servs., Inc., 121 AD3d 881; Sheldon Rabin, M.D., P.C. v Hirshfield, 223 AD2d 535, 536; Baliotti v Walkes, 115 AD2d 581, 582). "It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him [or her] carry out his [or her] illegal object, nor can such a person plead or prove in any court a case in which he [or she], as a basis for his [or her] claim, must show forth his [or her] illegal purpose" (Stone v Freeman, 298 NY 268, 271). "Where the parties' arrangement is illegal the law will not extend its aid to either of the parties . . . or listen to their complaints against each other, but will leave them where their own acts have placed them'" (United Calendar Mfg. Corp. v Huang, 94 AD2d 176, 180, quoting Braunstein v Jason Tarantella, Inc., 87 AD2d 203, 207).
The defendants' contentions regarding their counterclaims are not properly before this Court.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court