Advanced Dental of Ardsley, PLLC v Brown (2024 NY Slip Op 03804)

Advanced Dental of Ardsley, PLLC v Brown

2024 NY Slip Op 03804

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-00812
 (Index No. 57082/22)

[*1]Advanced Dental of Ardsley, PLLC, respondent,
v
Theodore Brown, appellant.

Russ & Russ, P.C., Massapequa, NY (Jay Edmund Russ of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated December 13, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and unjust enrichment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and unjust enrichment are granted.
In February 2015, the plaintiff entered into an asset purchase agreement (hereinafter the APA) to sell certain assets of its dental practice to the defendant, a licensed dentist who retained his own separate practice. The APA specified a purchase price of $250,000. A portion of that amount was to be paid as a percentage of the monthly revenue generated by the plaintiff's practice or, under certain conditions, a percentage of the revenue generated from a potential sale of the defendant's separate practice.
In March 2022, the plaintiff commenced this action against the defendant, asserting, inter alia, causes of action alleging breach of contract and unjust enrichment. Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and unjust enrichment. In an order dated December 13, 2022, the Supreme Court, inter alia, denied those branches of the motion. The defendant appeals.
The defendant established his entitlement to dismissal of the causes of action alleging breach of contract and unjust enrichment pursuant to CPLR 3211(a)(7). As the defendant correctly contends, the APA constituted a voluntary prospective arrangement for the splitting of fees in violation of the Education Law because it required the defendant to pay the plaintiff a percentage of revenue generated by the plaintiff's practice and, under certain conditions, the defendant's own separate dental practice (see Education Law §§ 6509-a, 6530[19]; Sachs v Saloshin, 138 AD2d 586, 586-587; Hartman v Bell, 137 AD2d 585, 585-586). "'It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him or her carry out his or her illegal object, nor can such a person plead or prove in any court a case in which he or she, as a basis for his or her claim, must show forth his or her illegal purpose'" (Linchitz Practice Mgt., Inc. v Daat Med. Mgt., LLC, 165 AD3d 908, 910 [alterations omitted], quoting Stone [*2]v Freeman, 298 NY 268, 271). "'Where the parties' arrangement is illegal the law will not extend its aid to either of the parties . . . or listen to their complaints against each other, but will leave them where their own acts have placed them'" (id., quoting United Calendar Mfg. Corp. v Huang, 94 AD2d 176, 180 [internal quotation marks omitted]). Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and unjust enrichment (see LoMagno v Koh, 246 AD2d 579, 579-580; see also Linchitz Practice Mgt., Inc. v Daat Med. Mgt., LLC, 165 AD3d at 909-910; Sachs v Saloshin, 138 AD2d at 586-587; Hartman v Bell, 137 AD2d at 585-586).
The defendant's remaining contentions need not be reached in light of our determination.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court