MURRAY B. STONE, et al., Doing Business as STONE & STONE Co., Appellants, *v.* JACK FREEMAN, Doing Business as HOM-O-ZONE OF MANHATTAN, Respondent.

Argued October 14, 1948; decided November 24, 1948.

*Abraham Shamos, Alan Nordlinger* and *Norman Hammer* for appellants. I. The transactions alleged in the counterclaims were illegal and contrary to public policy. (*Sirkin* v. *Fourteenth St. Store,* 124 App. Div. 384; *Matter of McNally,* 252 App. Div. 550; *Matter of Browning,* 176 Misc. 308.) II. The illegality of the agreements as pleaded precludes resort to the courts by the parties thereto, whether such resort be for the purpose of enforcing performance of the agreements or for the purpose of recovering back performance already rendered. (*Yates* v. *Foot,* 12 Johns. 1; *Ruckman* v. *Pitcher,* 1 N. Y. 392; *Knowlton* v. *Congress & Empire Spring Co.,* 57 N. Y. 518; *Perkins* v. *Savage,* 15 Wend. 412; *Staples* v. *Gould,* 9 N. Y. 520; *Sharp* v. *Wright,* 35 Barb. 236; *Haynes* v. *Rudd,* 102 N. Y. 372; *Union Exchange Nat. Bank* v. *Joseph,* 231 N. Y. 250; *Daimouth* v. *Bennett,* 15 Barb. 541.) III. The exception to the rule that no cause of action can arise from an illegal transaction — which exception is said to permit recovery by a principal from his agent of moneys entrusted to the agent for an illegal purpose but not yet expended by the agent for that purpose — is not recognized in this State, and, in any event, is not applicable to this case. (*Yates* v. *Foot,* 12 Johns. 1; *Staples* v. *Gould,* 9 N. Y. 520; *Leonard* v. *Poole,* 114 N. Y. 371; *Kearney* v. *Webb,* 278 Ill. 17; *Smith* v. *Blachley,* 188 Pa. 550; *Haynes* v. *Rudd,* 102 N. Y. 372; *Union Exchange Nat. Bank* v. *Joseph,* 231 N. Y. 250; *Daimouth* v. *Bennett,* 15 Barb. 541; *Baldwin* v. *Potter,* 46 Vt. 42; *Rolfe* v. *Delmar,* 30

Robt. 80; *Negley* v. *Devlin,* 12 Abb. Prac. [N. S.] 210; *De Groot* v. *Van Duzer,* 20 Wend. 390; *Holman* v. *Johnson,* Cowp. 343.)

*Leo Gitlin* for respondent. Defendant in his counterclaim properly demands that plaintiffs, his agents, return his funds held by plaintiffs regardless of illegality of the proposed transaction. (*Leonard* v. *Poole,* 114 N. Y. 371; *Murray* v. *Vanderbilt,* 39 Barb. 140; *Morgan* v. *Groff,* 4 Barb. 524; *Gilbert* v. *American Sur. Co.,* 121 F. 499; *Kearney* v. *Webb,* 278 Ill. 17; *Evans* v. *City of Trenton,* 24 N. J. L, 764; *Norton* v. *Blink,* 39 Ohio St. 145; *Smith* v. *Blachley,* 188 Pa. 550; *School Dist. No. 39* v. *Casey,* 243 Ill. App. 434.)

DESMOND, J. The suit is by a broker or agent for his commissions earned in arranging a sale by defendant, who is a jobber of clothing, to the French Purchasing Mission, in New York City, in 1946. However, the sole question here is as to the sufficiency of two counterclaims. For present purposes, those counterclaims may be treated as one, since each alleges these same things: that defendant (vendor) agreed to pay, and did pay to plaintiff (broker) certain sums, on plaintiff's agreement that he would divide those sums with an employee or representative of the French Supply Council (vendee), but that plaintiff paid to that French representative part only of the latter's agreed share, wherefore defendant, in these counterclaims, sues for return of the part so assigned to the French representative but not paid to him. The question of law is aptly stated in appellants' brief thus (p. 2): " May a seller of goods, who has agreed with his broker that the broker shall divide his commissions with the buyer's purchasing agent and has paid the broker moneys intended to be so divided, recover back from the broker a portion of such moneys intended to be paid to the buyer's purchasing agent but not yet so paid? " Both courts below answered that question in the affirmative. We answer it in the negative.

These counterclaims plainly allege a conspiracy (see Penal Law, § 580) to violate section 439 of the Penal Law, which makes it a misdemeanor to give or offer such a commission or bonus to a purchasing agent. The contract or arrangement between plaintiff and defendant was thus illegal, criminal and unenforcible

(see *Sirkin* v. *Fourteenth St. Store,* 124 App. Div. 384). It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose (*Reiner* v. *North Amer. Newspaper Alliance,* 259 N. Y. 250; *Municipal Metallic Bed Mfg. Corp.* v. *Dobbs,* 253 N. Y. 313, 316; *Morgan Munitions Corp.* v. *Studebaker Corp.,* 226 N. Y. 94; *Flegenheimer* v. *Brogan,* 284 N. Y. 268; *Carmine* v. *Murphy,* 285 N. Y. 413; *Furman* v. *Furman,* 287 N. Y. 772; *Baksi* v. *Wallman,* 297 N. Y. 456). For no court should be required to serve as paymaster of the wages of crime, or referee between thieves. Therefore, the law "will not extend its aid to either of the parties" or "listen to their complaints against each other, but will leave them where their own acts have placed them" (*Schermerhorn* v. *Talman,* 14 N. Y. 93, 141). Conforming to that settled rule, this court and its predecessor have several times held that when an agent receives money to be spent for illegal purposes, his principal may not recover back so much of that money as the agent has failed so to spend, particularly when the illegal purpose has been partly or wholly attained and a part of the money expended therefor (*Perkins* v. *Savage,* 15 Wend. 412; *Staples* v. *Gould,* 9 N. Y. 520, 522; *Leonard* v. *Poole,* 114 N. Y. 371, 378). Both *Staples* v. *Gould* (*supra*) and *Leonard* v. *People* (*supra*), say that a broker or agent who knowingly participates in a criminal scheme is a principal, and *in pari delicto* with the one who employs him, so that neither may sue the other. Such is the New York law and it disposes of this case. Insofar as the Restatement of the Law of Agency (§ 412) is to the contrary, we do not concur in it.

We point out that we are passing on the precise question here involved, and no other. This is not a case where a mere agent or depository, receiving money for his principal, refuses to pay it over, on the ground that it was the fruit of an illegal contract between his principal and another (see *Murray* v. *Vanderbilt,* 39 Barb. 140, 152; *Merritt* v. *Millard,* 4 Keyes 208; *Woodworth* v. *Bennett,* 43 N. Y. 273, 276; and the reference to such a situation, by way of dictum, in *Leonard* v. *Poole, supra,* 114 N. Y. at p. 379). Nor are we deciding what the result would be had this

defendant repented of his wrong, and demanded back his money, before any attempt had been made by plaintiff to bribe the purchasing agent (see *Morgan* v. *Groff,* 4 Barb. 524; *Spring Co.* v. *Knowlton,* 103 U. S. 49, 59; *Schley* v. *Andrews,* 225 N. Y. 110, 114).

The orders should be reversed, with costs in all courts, each certified question answered in the negative, and the motion to dismiss granted as to both the first and second counterclaims in the amended answer.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FULD, JJ., concur.

Orders reversed, etc.