Desmond, J. (dissenting).
I would affirm. We are agreed that the Garmoja-Corti-Anlyan-Southwestern transaction was illegal. It has been settled in this State for more than a century, beginning with Gray v. Hook (4 N. Y. 449) and the other old cases cited in Dewitt v. Brisbane (16 N. Y. 508) and continuing down through Stone v. Freeman (298 N. Y. 268) and Carr v. Hoy (2 N Y 2d 185), that our courts will under no circumstances lend their aid to the enforcement of an illegal deal. “Nor is the right to take this objection confined to the parties to the illegal transaction. A third person, whose obligation, valid in its inception, and against which, in the hands of a legal holder, he could have no available defence, may defend *464 himself on the ground of the illegality of the transaction through which the plaintiff derives title ” (Dewitt v. Brisbane, 16 N. Y. 508, 513, supra). An exception to or nonapplicability of this rule has been declared in decisions like Murray v. Vanderbilt (39 Barb. 140), Merritt v. Millard (4 Keyes 208) and Leonard v. Poole (114 N. Y. 371, 378, 379) where the illegal transactions had been fully completed but one who was a mere repository for one of the parties had then refused to turn over the money or property. The present is not such a case since judgment for the plaintiff here would in effect compel the taking of the final step in the transaction itself — a step without which the transaction would be meaningless — that is, the assignment to plaintiff. There is, therefore, no ground for bringing this present case within the narrow Murray-Vanderbilt exception and so the decision below was right. It has been so often repeated in the cases that it need not be said again that this defense of illegality “ ‘ is allowed not as a protection to a defendant, but as a disability to the plaintiff ’ ” (Carr v. Hoy, 2 N Y 2d 185, 188, supra, and cases therein cited). There are plenty of controlling cases which say that the “repository” exception does not apply when the whole thing is one single transaction (see, for instance, Sayres v. Decker Automobile Co., 239 N. Y. 73, 77). Surely, we should not be quick to extend such an exception and defeat a good old rule.
Although the point is not made in these terms, it would seem that this defendant, had it learned the purpose for which this assignment was made, could have refused to recognize that document and could have stood on its right not to aid in carrying out an essentially illegal transaction. That being so, its position is not made worse by the fact that by error or negligence it paid out the money to the assignor instead of holding it for the assignee and thus rounding out the whole forbidden transaction.
Chief Judge Conway and Judges Fuld, Van Voobhis and Burke concur with Judge Fboessel ; Judge Desmond dissents in an opinion in which Judge Dye concurs.
Judgment reversed and verdict of the jury reinstated, with costs in all courts.