Scileppi, J.
(dissenting). I cannot agree that the plaintiff is entitled to the relief sought herein. The majority is permitting this plaintiff corporation’s president to invoke the aid of the court to bring to a successful conclusion that which he admits was a scheme to defraud his creditors.
The conveyance of the property by Landau, the defrauding debtor, to his son Alfred concededly was made without consideration and for the purpose of concealing the property from Landau’s creditors. Thereafter, at the father’s request, the son conveyed this property to the defendant, the son-in-law of Landau, also without consideration. Simultaneously with this conveyance to him, and at Landau’s request, defendant executed and delivered a deed to the property to Landau’s corporation, which deed has been lost. It is this deed which plaintiff corporation seeks to have replaced by having the court direct that another deed be executed by the defendant to the plaintiff, in which Landau is the sole stockholder.
It is clear that all these conveyances were calculated steps in Landau’s design to keep the property concealed from his creditors. It is well-established law that our courts will not grant relief to a plaintiff who does not come into equity with “clean hands” (McConnell v. Commonwealth Pictures Corp., 7 N Y 2d 465, 469; Michalowski v. Ey, 4 N Y 2d 277, 282; Carr v. Hoy, 2 N Y 2d 185; Pattison v. Pattison, 301 N. Y. 65; Stone v. Freeman, 298 N. Y. 268, 271; Tooker v. Inter-County Tit. Guar. Mtge. Co., 295 N. Y. 386; Flegenheimer v. Brogan, 284 N. Y. 268). These cases stand for the proposition that relief will not be granted by our courts to one who stands to profit by his own fraud, and the plaintiff in this action should not be permitted to do so.
It is suggested that equity is not an avenger at large and that it should not invoke the “clean hands” doctrine to separate transactions except where the plaintiff has dealt unjustly in the very transaction of which he complains. There can be little doubt that Landau dealt fraudulently and unjustly with his property. It is my view that in the circumstances here this fraudulent conduct taints with the same fraud the very transaction of which he complains.
To say that the conveyance from the son to the defendant was a separate transaction and, therefore, does not come within *291 the “ clean hands ” doctrine is to overlook the realities of these family conveyances, all of which were initiated at the direction and for the benefit of Landau. Moreover, in my opinion, the separate transaction concept was rejected by this court in the Flegemheimer case (supra).
Certainly, if plaintiff here were seeking a reconveyance of the property from the immediate transferee, there is no doubt that the relief would be denied. As was stated in Pattison v. Pattison (supra) at page 73, “ To allow such a plan to succeed would put a premium upon dishonorable conduct ”. So, in this case, dealing as we are with an integral and necessary part of the fraudulent scheme, to grant the relief sought would be to “ put a premium upon dishonorable conduct ”,
On this record, we should not permit concepts of technical law, which are limited in their scope and application, to obscure the overriding considerations of fundamental honesty, morality, fair play and public policy (McConnell v. Commonwealth Pictures Corp., 7 N Y 2d 465, 469, supra).
The judgment should be affirmed, with costs.
Judges Fuld, Van Voorhis and Foster concur with Judge Burke ; Chief Judge Desmond and Judge Scileppi dissent in separate opinions in each of which the other concurs and in both of which Judge Dye concurs.
Judgment reversed, etc.