OPINION OF THE COURT
John R Schwartz, J.
The issue here is whether the plaintiff can recover from the defendant the $2,200 she gave to him to play in the so-called "airplane game”.
The game consists of a total of 15 players or investors. Each player must initially pay $2,200 to enter the airplane game. *39 There is an outgoing pilot, two copilots, four flight attendants, and eight passengers. The pilot, copilots and flight attendants are already on the plane and they attempt to sell tickets to eight new passengers. As each of these eight passengers boards the airplane, he (she) pays $2,200 for his (her) ticket to the flight attendant, who in turn passes the money onto the copilot, who in turn gives it to the outgoing pilot. When the eight passenger tickets are sold, the outgoing pilot collects a total of $17,200 for his or her original $2,200 investment. After all eight passenger tickets are sold, the outgoing pilot leaves the game and the plane is split off into two new airplanes. Each copilot becomes an outgoing pilot of his or her own plane; the four flight attendants split off and each becomes a copilot of one of the new planes. The passengers split off and become flight attendants of the new planes. The members of the new airplane then try to solicit eight new passengers and the game goes on as explained.
Clearly this is a "chain distributor scheme” as defined in General Business Law § 359-fff (2): "a 'chain distributor scheme’ is a sales device whereby a person, upon condition that he make an investment, is granted a license or right to solicit or recruit for profit or economic gain one or more additional persons who are also granted such license or right upon condition of making an investment and may further perpetuate the chain of persons who are granted such license or right upon such condition.”
It is illegal and prohibited for any person to promote, offer or grant participation in a chain distributor scheme (General Business Law § 359-fff [1]), and anyone who does shall be guilty of an unclassified misdemeanor. (General Business Law § 359-g [2].)
facts:
On January 13, 1987, the plaintiff went to a meeting called by the defendant whereby she was persuaded by the defendant to join the so-called "airplane game”. She alleged that he was the pilot but the facts revealed he was only the copilot, and, therefore, he had not started to make a profit yet. The plaintiff stated that she knew it was illegal to play in the game but she was assured by the defendant that "if they got caught, he would take all responsibility”. After the meeting, she gave $2,200 to her friend, another participant, who gave it to the defendant, who gave it to the pilot. At the next *40 meeting, the plaintiff found out that she had become a flight attendant on a plane she did not wish to be on and asked the defendant for her money back. He told her that he did not have her money because he gave it to the pilot. He suggested that she call the pilot. The pilot refused to give the plaintiff her money back. The plane crashed and the plaintiff never recovered her initial investment or made a profit. She brings this action against the defendant for the return of her money.
law:
The issue here is, does the plaintiff have a cause of action to recover her money in a civil court?
It is illegal and criminal "to promote, offer or grant participation in” the so-called "airplane game”. (See, General Business Law § 359-fff [1]; § 359-g [2].) "It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him [her] carry out his [her] illegal object, nor can such a person plead or prove in any court a case in which he [she], as a basis for his [her] claim, must show forth his [her] illegal purpose (Reiner v. North Amer. Newspaper Alliance, 259 N. Y. 250; Municipal Metallic Bed Mfg. Corp. v. Dobbs, 253 N. Y. 313, 316; Morgan Munitions Corp. v. Studebaker Corp., 226 N. Y. 94; Flegenheimer v. Brogan, 284 N. Y. 268; Carmine v. Murphy, 285 N. Y. 413; Furman v. Furman, 287 N. Y. 772; Baksi v. Wallman, 297 N. Y. 456). For no court should be required to serve as a paymaster of the wages of crime, or referee between thieves. Therefore, the law 'will not extend its aid to either of the parties’ or 'listen to their complaints against each other, but will leave them where their own acts have left them’ ”. (Stone v Freeman, 298 NY 268, 271, quoting Schermerhorn v Talman, 14 NY 93, 141.)
However, there are exceptions to this general principal of law. Courts have allowed recovery by a plaintiff to an illegal contract provided the plaintiff’s conduct was malum prohibitum and not malum in se. Here, the plaintiff’s conduct was only malum prohibitum (conduct prohibited by statute) as opposed to malum in se (conduct prohibited by the nature of the act). To fall under the exception to the general principle of law, not only must the plaintiff establish that the agreement was only malum prohibitum, but she must also establish that she entered the agreement under duress or undue influence and that the defendant’s conduct was more culpable. Courts *41 have permitted recovery to a widow who became involved in an illegal marriage brokerage contract (Duval v Wellman, 124 NY 156) and to a Russian Jewish family who illegally loaned money to another Russian Jewish family so that family could emigrate from a communist country (Birger v Tuner, 104 Misc 2d 63). A court has also mandated the return of a plaintiffs money based on an illegal agreement for the proprietary operation by plaintiff of defendant’s restaurant, including plaintiffs use of defendant’s liquor license, which was against public policy. (Smith v Pope, 72 AD2d 913; see also, 21 NY Jur 2d, Contracts, § 183.)
In each of the cases, the courts held that the parties were not inpari delicto. The plaintiff either acted under duress, undue influence, or out of good will.
Therefore, plaintiffs standing to bring this lawsuit stands or falls on whether she violated General Business Law § 359-fff (1). Did she, by contributing her $2,200 to the airplane game in the first instance, "promote” the game as declared illegal in the statute?
This court finds, as a matter of law, that by entering the so-called "airplane game” as a passenger, one is in fact "promoting” the game in violation of the General Business Law (e.g., encouraging the pilot to make an illegal profit; encouraging others to enter the game by example; and eventually hoping to make an illegal profit). Therefore, plaintiffs cause of action must fail as a matter of law. It matters not whether the defendant was the more culpable party, whether the defendant was a pilot, as plaintiff testified, and did actually recover a profit or whether he took money because he never made outgoing pilot as defendant testified.
The plaintiff by entering the game had larceny in her heart. If the plane did not crash she would have made a substantial illegal profit. If this court permitted her to recover, in effect this court would become a referee amongst thieves. The law will not extend its aid to the parties to such an agreement. (See, Stone v Freeman, 298 NY 268, supra.) Therefore, the complaint is dismissed.