■ JOHN J. PRINS, Appellant, v ITKOWITZ & GOTTLIEB, P. C., et al., Respondents. [719 NYS2d 228] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 24, 1999, which granted defendants' motion for summary judgment dismissing the complaint and imposed a $5,000 sanction against plaintiff for frivolous conduct, unanimously affirmed, with costs. Pursuant to 22 NYCRR 130-1.1 *et seq.*, sanctions in the amount of $3,500, payable to the Lawyers' Fund for Client Protection, are imposed against plaintiff-appellant's attorney, Salvatore S. Russo. The Clerk of the Supreme Court, New York County, is directed to enter judgment accordingly.

Plaintiff is not entitled to compensation for his "services" to defendant attorneys as an insurance "expediter." The services he rendered were the basis for his arrest and indictment on

extortion charges, and constituted a fee-splitting arrangement contrary to public policy. " '[I]t is the settled law of this State * * * that a party to an illegal contract * * * cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose.' " (*United Calendar Mfg. Corp. v Huang*, 94 AD2d 176, 180, quoting *Stone v Freeman*, 298 NY 268, 271.) The $5,000 sanction was properly imposed, there being no merit whatsoever to the action, which was brought primarily to harass (22 NYCRR 130-1.1 [a], [c] [1], [2]). By the same token, we find the prosecution of this appeal to be wholly without merit and brought to harass defendants-respondents. Accordingly, on this occasion, we impose sanctions against plaintiff-appellant's attorney to the extent indicated. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.