■ TORRELL DIXON et al., Appellants, v 919 REALTY CORPORATION, Respondent. [764 NYS2d 637] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 13, 2002, as, in effect, upon reargument, adhered to its prior determination in an order of the same court dated April 25, 2002, granting the defendant's prior motion to vacate its default in appearing at an examination before trial and at a compliance conference.

Ordered that the appeal is dismissed, with costs.

As a general rule, this Court does not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]; *Woroniecki v Tzitzikalakis,* 304 AD2d 571 [2003]). Here, the plaintiffs previously appealed from the order dated April 25, 2002, granting the defendant's motion to vacate its default. That appeal, under Appellate Division Docket No. 2002-05326, was dismissed by decision and order on motion of this Court dated April 3, 2003, for failure to prosecute. The dismissal for lack of prosecution bars the instant appeal, which raises issues concerning whether the defendant was entitled to vacate its default, as those issues could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra*). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.