■ Frank Sabia et al., Respondents, v Mattituck Inlet Marina and Shipyard, Inc., Appellant, et al., Defendant. [805 NYS2d 346]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered July 14, 2004, which, in an action for breach of contract

and fraud, denied the motion by defendant Mattituck Inlet Marina and Shipyard, Inc. (Mattituck) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Mattituck dismissing the complaint as against it.

Plaintiffs' causes of action for breach of contract and fraud are based on allegations that a boat they purchased from Mattituck's stock was, contrary to defendants' alleged representations, defective. In support of their breach of contract claim against Mattituck, plaintiffs aver (by way of the affidavit of plaintiff Frank Sabia) that Mattituck was the true seller, and that title was transferred to plaintiffs through codefendant R. Gil Liepold & Associates (Liepold) pursuant to a scheme for the avoidance of sales tax. In moving for summary judgment dismissing the complaint as against it, Mattituck argued, inter alia, that plaintiffs could not sue it for breach of contract because the transaction had been structured, with plaintiffs' admitted connivance, as a purchase from Liepold. Mattituck noted that plaintiffs had represented to the government agencies concerned that Liepold was the seller of the boat, and, as the intended result of effectuating the transaction in this manner, they had avoided more than $23,000 in sales tax.

The IAS court, finding that an issue of fact existed as to which defendant was the true seller, denied the motion as to both causes of action. On Mattituck's appeal, we reverse and grant its motion for summary judgment. However, we do so for reasons different from those argued by Mattituck.

Whether the seller in the subject transaction is deemed to have been Mattituck or Liepold, the contract for the purchase of the boat was illegal. This is because, by plaintiff's sworn admission, the deal was documented in a fictional manner for the purpose of improper tax avoidance. Since no right of action can arise from an illegal contract, plaintiffs are barred, as a matter of law, from suing on the alleged agreement for the purchase of the boat (*see Parpal Rest. v Martin Co.*, 258 AD2d 572, 573 [1999] [complaint was properly dismissed where affidavit of plaintiff's president established that the agreement plaintiff sought to enforce "was created for the purpose of improper tax avoidance"], citing *Carmine v Murphy*, 285 NY 413, 416 [1941], and *Scotto v Mei*, 219 AD2d 181, 183 [1996]; *see also Prins v Itkowitz & Gottlieb*, 279 AD2d 274 [2001]). The fraud claim based on the same transaction must also be dismissed, since relief cannot be granted on a tort cause of action that requires proof of the plaintiff's knowing entry into an illegal contract

(*see Valenza v Emmelle Coutier, Inc.*, 288 AD2d 114 [2001]; *Prins*, 279 AD2d at 275 [a person may not "plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose"] [citations and internal quotation marks omitted]). Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.