■ GUILLERMO BONILLA, Respondent, v SETH R. ROTTER et al., Appellants. [829 NYS2d 52]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered February 14, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, a nonlawyer, commenced this action against defendants, Seth Rotter, an attorney, and Alan Ripka, an at-

torney who assumed responsibility of Rotter's cases during Rotter's suspension from the practice of law, claiming that they owed him money pursuant to an agreement for services he provided as an "investigator." Specifically, plaintiff alleged that he and Rotter had an agreement under which plaintiff, utilizing contacts he had at several New York City hospitals, would obtain the names and medical records of persons involved in accidents, contact these persons and encourage them to retain Rotter to represent them in personal injury actions. Plaintiff further alleged, among other things, that Rotter agreed to pay plaintiff $2,500 for each case that plaintiff referred to Rotter which settled. According to plaintiff, a third attorney, nonparty Paul Greenfield, attempted to settle the "fee" dispute on Rotter's behalf prior to the commencement of this action. Supreme Court denied defendants' motion for summary judgment dismissing the complaint, and this appeal ensued.

"It is the settled law of this State . . . that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose" (*Stone v Freeman*, 298 NY 268, 271 [1948]; *see Carmine v Murphy*, 285 NY 413 [1941]; *Sabia v Mattituck Inlet Mar. & Shipyard, Inc.*, 24 AD3d 178 [2005]). The agreement alleged by plaintiff is one between a nonlawyer and attorneys to split legal fees which is proscribed by Judiciary Law § 491. Accordingly, the agreement is illegal and plaintiff is foreclosed from seeking the assistance of the courts in enforcing it (*see Prins v Itkowitz & Gottlieb*, 279 AD2d 274 [2001]; *Matter of Ungar v Matarazzo Blumberg & Assoc.*, 260 AD2d 485 [1999]; *see also Van Bergh v Simons*, 286 F2d 325 [2d Cir 1961]). While defendants failed to raise the illegality of the agreement before Supreme Court, "[w]here, as here, a party does not allege new facts but, rather, raises a legal argument which appeared upon the face of the record and which could not have been avoided if brought to the opposing party's attention at the proper juncture, the matter is reviewable" (*Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996] [internal quotation marks, ellipsis and brackets omitted]). Concur—Tom, J.P., Andrias, Marlow, Nardelli and McGuire, JJ.