*645 In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated April 25, 2012, as, upon renewal and reargument, adhered to a prior determination in an order of the same court dated November 22, 2011, granting the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order dated April 25, 2012, is affirmed insofar as appealed from, with costs.
By order dated November 22, 2011, the Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff appealed from that order and also moved for leave to renew and reargue her opposition to the defendants’ motion. In an order dated April 25, 2012, the Supreme Court granted the plaintiffs motion for leave to renew and reargue, and, upon renewal and reargument, adhered to its prior determination. The plaintiff thereafter abandoned her appeal from the prior order, resulting in a dismissal of that appeal for failure to perfect.
As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754 [1999]; Bray v Cox, 38 NY2d 350, 353 [1976]; Dixon v 919 Realty Corp., 308 AD2d 471 [2003]). While the better practice would have been for the plaintiff to withdraw the prior appeal rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order dated April 25, 2012, as was made upon renewal and re-argument (see Kalafatis v Royal Waste Servs., Inc., 95 AD3d 954, 955 [2012]; Franco v Breceus, 70 AD3d 767, 768 [2010]; Neuburger v Sidoruk, 60 AD3d 650, 652 [2009]).
As to the merits, contrary to the plaintiffs contention, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the *646 plaintiffs spine, and to the plaintiffs left knee, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]), and that the alleged injuries to the lumbar region of her spine and to her left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendants further submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.
Upon reargument, the plaintiff failed to show that the Supreme Court had overlooked or misapprehended any pertinent law or fact (see CPLR 2221 [d] [2]; Krongauz v Rottenstein, 1 AD3d 486, 487 [2003]). Upon renewal, the Supreme Court properly rejected, as without merit, the plaintiffs contention that the determination in the prior order should be changed due to a change in the law (see CPLR 2221 [e] [2]; Perl v Meher, 18 NY3d 208 [2011]). Accordingly, the Supreme Court properly adhered to its prior determination granting the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.