Ballan v Sirota (2018 NY Slip Op 05014)





Ballan v Sirota


2018 NY Slip Op 05014


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-05651
 (Index No. 702021/14)

[*1]Leonore Ballan, etc., et al., appellants, 
v
Howard B. Sirota, et al., respondents.


Todd A. Zuckerbrod, Brooklyn, NY, for appellants.
Babchik & Young, LLP, White Plains, NY (Bruce M. Young and William H. Gagas of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated June 9, 2015. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated December 12, 2014, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211(a).
ORDERED that the order dated June 9, 2015, is affirmed insofar as appealed from, with costs.
In an order dated December 12, 2014, the Supreme Court granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211(a) on the ground, among others, that the plaintiffs were attempting to enforce an illegal fee-sharing agreement, which was unenforceable. The plaintiffs appealed from that order and also moved, inter alia, for leave to reargue their opposition to the defendants' motion. In an order dated June 9, 2015, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for leave to reargue, and thereupon adhered to its original determination granting the defendants' motion to dismiss the complaint on the ground that the plaintiffs were attempting to enforce an illegal fee-sharing agreement. The plaintiffs thereafter abandoned their appeal from the order dated December 12, 2014, resulting in a dismissal
of that appeal for failure to perfect.
As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891). Although the plaintiffs had a viable appeal from the order dated December 12, 2014 (see CPLR 5517[a][1]), they opted instead to proceed on an appeal from the subsequent order made upon reargument. While the better practice would have been for the plaintiffs to withdraw the prior appeal rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order dated June 9, 2015, as was made upon reargument (see Ismail v Burnbury, 118 AD3d 756, 757; Orridge v Barry, 109 AD3d 644, 645; Kalafatis v Royal [*2]Waste Servs., Inc., 95 AD3d 954, 955).
With respect to the merits of the appeal, Judiciary Law § 491 prohibits any person, partnership, or corporation from sharing any fee or compensation charged or received by an attorney-at-law, in consideration of having placed in the hands of such attorney-at-law a claim or demand of any kind (see Judiciary Law § 491[1]; Matter of Ungar v Matarazzo Blumberg & Assoc., 260 AD2d 485, 486). Violation of this section is punishable as a misdemeanor (see Judiciary Law § 491[2]; Matter of D'Emic, 111 AD3d 158).
Under the purported fee-sharing agreement, the plaintiffs would provide the defendant attorneys with proprietary information regarding potential clients, investigate claims, interview potential plaintiffs, and otherwise assist with litigation. In exchange, the defendant attorneys would pay the plaintiffs 20% of their fee for each case. This purported fee-sharing agreement whereby the plaintiffs attempt to recover from the defendant attorneys is illegal, and the plaintiffs are proscribed from seeking the assistance of the courts in enforcing it (see Bonilla v Rotter, 36 AD3d 534, 535; Prins v Itkowitz & Gottlieb, 279 AD2d 274; Matter of Ungar v Matarazzo Blumberg & Assoc., 260 AD2d at 486). The plaintiffs' contention that they are entitled to equitable relief is without merit, since the contract was criminal in nature and not merely prohibited by statute (cf. Katz v Zuckermann, 119 AD2d 732, 733).
Moreover, upon reargument, the plaintiffs were not permitted to raise contentions regarding their tort causes of action, since they failed to raise such contentions in opposition to the defendants' motion to dismiss the complaint (see CPLR 2221[d][2]; Hague v Daddazio, 84 AD3d 940, 942).
Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination granting the defendants' motion to dismiss the complaint on the ground that the plaintiffs were attempting to enforce an illegal fee-sharing agreement.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.

2015-05651 DECISION & ORDER ON MOTION
Leonore Ballan, etc., et al., appellants, v Howard B.
Sirota, et al., respondents.
(Index No. 702021/14)

Cross motion by the respondents to dismiss an appeal from an order of the Supreme Court, Queens County, dated June 9, 2015, on the ground that dismissal of a prior appeal for failure to perfect precludes consideration of the issues raised on this appeal pursuant to Bray v Cox (38 NY2d 350).
By decision and order on motion of this Court dated May 26, 2016, the respondents' cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the cross motion is denied.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court