| **Sudberg v Zhu** |
|:---:|
| 2026 NY Slip Op 30715(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 653029/2025 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NICHOLAS W. MOYNE** PART 41M

*Justice*

-----------------------------------------------------------------------------X

JORDAN SUDBERG,

INDEX NO. 653029/2025

Plaintiff,

MOTION DATE 07/15/2025

- v -

MOTION SEQ. NO. 001

ANNA BAO PING ZHU, GARY VAINER

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for DISMISSAL .

Upon the foregoing documents, it is

The defendant Anna Bao Ping Zhu ("Zhu") moves pursuant to CPLR §§ 3211(a)(1), (a)(5), and (a)(7) for an order dismissing the complaint of the plaintiff Jordan Sudberg, M.D., P.C. ("Plaintiff" or "Sudberg") in its entirety, with prejudice. The plaintiff opposes the motion. For the reasons set forth below, the motion is granted in its entirety,

The plaintiff is a medical doctor who hired the defendant as a bookkeeper and general clerical assistant for his medical practice. The complaint alleges that prior to 2020, Zhu suggested a scheme to help the plaintiff save on federal income tax. Under this scheme, the plaintiff would issue checks payable to various businesses for fictitious services. The business owners would cash the checks, retain a small percentage for their services and then return the remainder of the cash to Zhu. Zhu would allegedly retain a 20% commission and return the balance of the cash to the plaintiff, thereby providing the plaintiff with fraudulent evidence" of business deductions to substantially reduce his net income. (NYSCEF Doc. 1 at 2-3). The plaintiff admits he accepted the scheme and signed numerous checks to accomplish it. (NYSCEF Doc. 1 at 3).

Subsequently, the plaintiff was investigated and federally prosecuted for tax evasion. On November 23, 2021, the United States Attorney for the Southern District of New York filed an Information charging the plaintiff with one count of Tax Evasion under 26 U.S.C. § 7201. (NYSCEF Doc. 8 at 1-3). On the same day,

[* 1]

the plaintiff pled guilty to the charge before the Hon. Paul A. Crotty. During his plea allocution, the plaintiff admitted under oath: "From 2015 to 2017, in Manhattan and elsewhere, I knowingly and unlawfully evaded my personal income tax for those years by falsely representing my business income and expenses to the IRS. I'm sorry for what I have done, and I apologize to the Court and my family." (NYSCEF Doc. 9 at Tr. 15). In a letter to the sentencing judge, the plaintiff further admitted: "I wholeheartedly regret my actions and make no excuses for them. It was no one's fault but my own and I take full responsibility." (NYSCEF Doc. 11 at 1). The plaintiff was sentenced to three years of probation, forfeiture of $243,257.00, and restitution of $551,213.00. (NYSCEF Doc. 13 at 3, 6).

In this action, the plaintiff alleges that Zhu failed to return the cash generated by the illegal tax evasion scheme—totaling approximately $1.7 million—and instead delivered the cash to the defendant Gary Vainer. (NYSCEF Doc. 1 at 3). The plaintiff seeks to recover these funds. In his opposition papers, the plaintiff asserts that his claim sounds in the equitable doctrine of "money had and received." (NYSCEF Doc. 17 at 12).

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*id*. at 88).

Zhu correctly argues that Plaintiff's claims are entirely barred by the doctrine of *in pari delicto*. The doctrine of *in pari delicto* mandates that the courts "will not intercede to resolve a dispute between two wrongdoers." (*Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]). It is well-settled law that "no court should be required to serve as paymaster of the wages of crime, or referee between thieves. Therefore, the law will not extend its aid to either of the parties or listen to their complaints against each other, but will leave them where their own acts have placed them." (*Stone v. Freeman*, 298 NY 268, 271 [1948]).

Here, the judicial records from Plaintiff's federal criminal case (NYSCEF Docs. 8-13) constitute irrefutable documentary evidence that conclusively establishes Plaintiff's willful and voluntary participation in the criminal enterprise from which he now seeks to recover funds. Plaintiff pled guilty to federal tax evasion, directly admitting that he orchestrated the issuance of checks for fictitious

services to illegally understate his income. (NYSCEF Doc. 9 at Tr. 15; NYSCEF Doc. 8 at 2-3).

The plaintiff's attempt to shift blame by arguing that Zhu suggested the scheme and that he was ignorant of the business world is unavailing and irrelevant. Even if the plaintiff was influenced by Zhu, the fact remains that he willingly and knowingly participated in a criminal conspiracy to defraud and admitted to exactly that in his plea allocution. There is no need or requirement to weigh the relative fault of co-conspirators when applying the *in pari delicto* doctrine. Because the plaintiff seeks the return of funds that were generated as the direct proceeds of an illegal agreement to commit tax fraud, the law will not lend its aid to enforce the return of this money. The complaint must be dismissed as a matter of law.

For the same reason and giving the complaint every favorable inference, the plaintiff has failed to demonstrate that he has a cognizable cause of action. To properly plead a claim for money had and received, the plaintiff must allege that (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money. (*see Goel v Ramachandran*, 111 AD3d 783, 790 [2d Dept 2013]) The plaintiff's pleading inherently defeats the third element. Because the complaint explicitly pleads that the checks were issued and the cash was generated in furtherance of an illegal scheme to fraudulently reduce the plaintiff's federal income tax liability (NYSCEF Doc. 1 at 2-3), he cannot establish that equity and good conscience require the return of the funds. A contract entered into in violation of a statute is an unlawful undertaking and cannot give rise to a viable cause of action (*see Scotto v Mei*, 219 AD2d 181, 183 [1st Dept 1996]).

The motion to dismiss the complaint pursuant to CPLR §§ 3211(a)(1), (a)(5), and (a)(7) is granted, and the complaint is dismissed in its entirety, with prejudice, as against the defendant Zhu. The Court declines to grant Zhu's request for costs and attorney's fees based on the same equitable standards that required dismissal of the complaint.

653029/2025   SUDBERG M.D., JORDAN vs. ZHU, ANNA BAO PING ET AL          Page 3 of 4
Motion No. 001

3 of 4

This constitutes the Decision and Order of the Court.

2026030217S457NMOYNE23F9086D9826D4F4E9DE05865EC45631A

| 3/2/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | **NICHOLAS W. MOYNE, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653029/2025   SUDBERG M.D., JORDAN vs. ZHU, ANNA BAO PING ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]